UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**TREMAINE EDWARD KALE**,

        Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 626) AND DENYING DEFENDANT TREMAINE EDWARD KALE'S MOTION TO SUPPRESS (D.E. 286)

**THIS CAUSE** is before the Court on the Report and Recommendation of U.S. Magistrate Judge William C. Turnoff ("Report," D.E. 626), issued on February 28, 2011. Following a hearing conducted on October 12, 2010 (D.E. 424), Magistrate Judge Turnoff recommends in his Report that Defendant Tremaine Edward Kale's Motion to Suppress (D.E. 286), filed on August 31, 2010, be denied. (Report at 11.) Kale filed Objections to the Report (D.E. 635) on March 9, 2011 to which the Government responded on March 11, 2011 (D.E. 643). Upon review of the Report, Objections, Response, the hearing transcript and the record, the Court finds as follows.

**I.  Background**

Defendant Kale moves to suppress evidence of narcotics and ammunition found pursuant to traffic stops on October 6 and December 16, 2009,[1] arguing that the police

---

[1] The underlying facts of the traffic stops are sufficiently set forth in the Report.

officers violated the *Fourth Amendment* when they searched his vehicle on both occasions.

After conducting a hearing on this motion, at which Detective Derek Rodriguez, Detective Carlos Velez, K-9 Officer Jeff D'Agostinis and FBI Special Agent Lionel Lofton testified, the Report found that Kale's *Fourth Amendment* rights were not violated and recommended his motion to suppress be denied. Regarding the October 6, 2009 search and seizure, the Magistrate found that Kale's confrontational approach and his statement to the officer to "do what [he] wanted to do," constituted sufficient consent to search. The Magistrate also found that the traffic stop did not exceed reasonable duration and the search of his vehicle subsequent to Kale's arrest was legal.

The Report also finds no illegality concerning the December 16, 2009 search and arrest of Kale. The Magistrate found that the officer who stopped Kale, Detective Velez, properly conducted a limited search to ensure his safety when Kale did not heed his order to sit up straight. Thus, the marijuana found pursuant to this limited search was in plain view and the ammunition found later was lawful as it resulted from a search incident to Kale's lawful arrest.

Kale objects to the Report's findings and recommendations. First, he takes issue with the Report's finding that he voluntarily consented to any search of the vehicle driven by him on October 6. He also objects that the seizure of ammunition from the glove box was not incident to arrest as the K-9 did not alert to that area of the car upon its inspection. Finally, Kale argues that during the December 16 traffic stop, Detective

2

Rodriguez lacked justification to open Kale's driver's side door.

## II.     Discussion

The *Fourth Amendment* safeguards persons from unreasonable searches and seizures; with the key inquiry being whether the conduct of law enforcement was reasonable. *Pennsylvania v. Mimms*, 434 U.S. 106, 108-09 (1997) (per curiam); *see United States v. Purcell*, 236 F.3d 1274, 1277-78 (11th Cir. 2001) (citations omitted). Reasonableness "depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985) (citation omitted).

### A.     The October 6, 2009 Traffic Stop

A search conducted without warrant issued upon probable cause is per se unreasonable under the *Fourth Amendment*, subject to a few specific exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quotation omitted).[2] Voluntary consent constitutes one such exception. *United States v. Garcia*, 890 F.2d 255, 360 (11th Cir. 1989). Consent is considered voluntary when it is the product of "an essentially free and unconstrained choice." *Id.* Voluntariness is a question of fact to be determined in light of the totality of the circumstances. *United States v. Mendenhall*, 446 U.S. 544, 557 (1980). When challenged, the government bears the burden of proving voluntariness.

---

[2]     Kale does not object to the Report's findings that the officers had probable cause to stop him, nor does he challenge the duration of the stop. *See Terry v. Ohio*, 392 U.S. 1 (1968) (establishing standard governing legality of a traffic stop). Failure to timely object shall bar a party from contesting a report's findings on an issue of fact. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

*United States v. Tovar-Rico*, 61 F.3d 1529, 1536 (11th Cir. 1995).

Here, the Court is loathe to disturb the credibility and factual findings made by the Magistrate Judge concerning the question of voluntariness. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating that credibility determinations are within the province of the fact finder and should not be disturbed). Moreover, the record is replete with evidence that Kale's consent to search was voluntary. His confrontational manner after he stepped out of his vehicle and approached the police vehicle as well as his statement to Detective Rodriguez to "do what [you] want to do" (Hearing Tr. 24:14-19), coupled with the lack of any evidence of physical or verbal coercion by the officers, sustains the government's burden of proof as to voluntariness. Kale's contention that he was prevented from giving his car keys to a third party and therefore was coerced into consenting to the search of his vehicle is unpersuasive and is presented without support in the law. This Court finds that, under the totality of the circumstances, Kale voluntarily consented to the K-9 search of his vehicle.

Another exception to the warrant requirement is a search conducted incident to lawful arrest. *United States v. Robinson*, 414 U.S. 218, 224 (1973); *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992). Once the K-9 alerted to the presence of narcotics in Kale's vehicle and the officers found the narcotics, they had probable cause to arrest Kale and conduct a search of his vehicle. *See United States v. Standridge*, 810 F.2d 1034, 1037 (11th Cir. 1987) (citations omitted); *see also United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002) (allowing a challenged search that immediately

preceded the formal arrest). Thus, the ammunition found in Kale's glove box on October 6, 2009 was legal seized incident to his arrest and need not be suppressed.

### B. The December 16, 2009 Traffic Stop

Kale contends that Detective Velez lacked justification in opening his car door during the December 16 traffic stop, consequently spotting and seizing his marijuana, which was on the driver's side floorboard.

When officers perform *Terry* stops, they are "authorized to take such steps as [a]re reasonably necessary to protect their personal safety." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). It is well-established that an officer may take command of a potentially dangerous situation by ordering both the driver and any passengers to exit their vehicle. *See Mimms*, 434 U.S. at 109-11 (1977).

Here, Detective Velez ordered Kale to sit up in his vehicle, as Kale had been leaning over to his left. Kale ignored him. (Tr. 40:12-15.) Concerned that Kale might be reaching for a weapon, Velez opened his door, thereby spotting a bag of marijuana. (*Id*. 40:20-41:2.) Defendant's objections that the officers acted inconsistently with or did not show concern for their safety are without merit.[3] The Court concurs with the Magistrate Judge in finding that opening Kale's car door was justified and reasonable under the circumstances.

The plain view doctrine allows officers to seize without warrant an object of

---

[3] Each day, officers all over the country approach routinely stopped vehicles without drawing their weapons. To expect the opposite would create an absurd and dangerous result, greatly changing the dynamic between citizens and law enforcement.

apparent incriminating character if they are lawfully in a position to view it and if they have a lawful right of access to it. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). When such evidence is discovered in plain view inside a vehicle giving officers probable cause to believe a passenger has committed a crime, the officers may arrest the passenger. *United States v. Hensley*, 469 U.S. 221, 235 (1985). Having established that Detective Velez was justified in opening the door of Kale's vehicle, the marijuana he immediately spotted fell within his plain view. Accordingly, the seizure of the marijuana, Kale's arrest for its possession and the search incident to his arrest are not in violation of the *Fourth Amendment*. Kale's Motion to Suppress must be denied.

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of Magistrate Judge William C. Turnoff (D.E. 626), issued on February 28, 2011, is **ADOPTED.**

2. Defendant Tremaine Edward Kale's Motion to Suppress (D.E. 286), filed on August 31, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**