**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**TREMAINE EDWARD KALE**,

        Defendant.

_____/

**ORDER DENYING DEFENDANT TREMAINE EDWARD KALE'S MOTION TO SEVER (D.E. 554)**

**THIS CAUSE** is before the Court on Defendant Tremaine Edward Kale's Motion to Sever (D.E. 554), filed on December 21, 2010. The Government filed its Response in Opposition (D.E. 562) on December 27, 2010.

Defendant Kale moves to sever Counts 6, 7 and 12 of the Superseding Indictment (D.E. 459) from the remaining charges against him.[1] Counts 6, 7 and 12 charge Kale with possession of ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1). Kale argues that if tried jointly with the other charges, proof of his prior felony conviction would unduly prejudice him before the jury.[2] (Mot. at 1.) He asks this Court to exercise

---

[1] Kale is also charged with participating in a conspiracy to possess with intent to sell cocaine, marijuana and MDMA (Count 1) possession of a firearm in furtherance of a felony (Counts 8 and 9).

[2] Kale does acknowledge that the Court's decision under Rule 14(a) is discretionary and that declining to sever felon-in-possession counts may be proper if certain protections are given at trial. (Mot. at 2 (citing *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004).)

its discretion under Federal Rule of Criminal Procedure 14(a) to order a separate trial on the three felon-in-possession counts.

The Government opposes severance arguing that the Court may issue limiting instructions to the jury that it only consider Kale's past conviction as it relates to the felon-in-possession charges. (Resp. at 1-2 (citations omitted).)[3] The Government also offers to stipulate that Kale is a convicted felon without giving any details about the underlying conviction(s). (*Id*. at 2.)

It is well-settled in this Circuit that a district court does not abuse its discretion under Federal Rule of Criminal Procedure 14(a) in declining to sever a felon-in-possession count from other charges against a defendant as long as certain measures are taken. *See United States v. King*, 233 Fed. Appx. 969, 973 (11th Cir. 2007) (citing *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004), *vacated on other grounds*, 543 U.S. 1110 (2005)). One such measure is a jury instruction specifically directing the jury to limit its consideration of the prior conviction to only the possession count. *United States v. Jiminez*, 983 F.2d 1020, 1023 (11th Cir. 1993); *see United States v. York*, 428 F.3d 1325, 1334 (11th Cir. 2005) (a limiting instructing to the jury is a significant factor favoring denial of a motion to sever); *United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993) (severance not required where possible prejudice may be cured by a cautionary instruction); *see also Bennett*, 368 F.3d at 1351 (a jury is presumed to follow the

---

[3] The Government's Response incorporates all arguments made in its Omnibus Response (D.E. 381) to Kale's previous motion.

2

instructions given to it by the court).  In *Jiminez*, the Eleventh Circuit affirmed the denial of severance, finding that reversible error had not occurred at trial where the government did not unduly emphasize the defendant's prior conviction and the jury was given a limiting instruction.  983 F.2d at 1023.  The parties may also stipulate to the existence of defendant's prior conviction, without further detail, along with a limiting instruction to the jury.  *See King*, 233 Fed. Appx. at 973.

Although Kale does not appear ready to stipulate to the existence of his felony conviction, the Court finds that all but minimal prejudice to him may be eliminated at trial by a limiting instruction to the jury and a caution to the Government to avoid unduly emphasizing Kale's prior criminal activity.  *See Jiminez*, 983 F.2d 1020.  Having also considered the public's interest in efficiency and judicial economy, the Court finds that sufficient safeguards may be utilized at trial to render severance of Kale's felon-in-possession charges unwarranted under Rule 14(a).  *See id.*

Accordingly, it is **ORDERED AND ADJUDGED** that  Tremaine Edward Kale's Motion to Sever (D.E. 554), filed on December 21, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd  day of August, 2011.

                                                                        _____
                                                                        **JOAN A. LENARD**
                                                                        **UNITED STATES DISTRICT JUDGE**