UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**TREMAINE EDWARD KALE**,

    Defendant.
_____/

### ORDER DENYING DEFENDANT TREMAINE EDWARD KALE'S MOTION TO SUPPRESS STATEMENTS (D.E. 801)

**THIS CAUSE** is before the Court on Defendant Tremaine Edward Kale's Motion to Suppress Statements (D.E. 801), filed on September 19, 2011. The Government filed its Response to the Motion (D.E. 803) on September 19, 2011 to which Kale replied (D.E.813) on September 21, 2011.

Kale moves this Court to suppress statements he made to co-defendant Jerome McMillan[1] about firearms while incarcerated in the Federal Detention Center in Miami. (Mot. at 1.) Kale argues that he made these statements while represented by counsel, therefore admitting his conversations with McMillan would be a violation of his *Sixth Amendment* rights. (*Id*.) Kale offers nothing more in the way of facts but argues that McMillan, who had already been debriefed once by the Government and would be debriefed again, was acting as an agent or informant of the Government. (*Id*. at 2-3,

---

[1] McMillan pled guilty on March 25, 2011 (Plea Agreement, D.E. 655) and was sentenced by this Court on June 9, 2011 (Judgment, D.E. 748).

*citing Massiah v. United States,* 377 U.S. 201 (1964); *United States v. Henry*, 447 U.S. 264 (1980).) He also requests that this Court to hold a hearing on the Motion (*Id*. at 4.)

The Government opposes Kale's Motion. It indicates that Kale approached McMillan for assistance in trying to sell two twelve gauge shotguns and one bulletproof vest. (Resp. at 1-2; *see* FBI 302 Report at 1, D.E. 803-1.) The Government argues that McMillan was not encouraged by agents to deliberately elicit information from Kale or to engage him in conversation in order to obtain incriminating statements. (Resp. at 3.) The Government contends that Kale's situation is distinguishable from *Henry* and no proof has been set forth that Kale's *Sixth Amendment* rights were impaired. (*Id*. at 4.)

In *Henry*, the Supreme Court held that statements "deliberately elicited" from the defendant by a paid jailhouse informant should not have been admitted at trial as the Government intentionally induced him to give incriminating statements without the assistance of counsel. 447 U.S. at 272-74. The Government agent's directive to the jailhouse informant to "be alert" was expressly for the purpose of securing evidence. *Id.* at 273. The *Henry* Court expressed concern that the agent "planned an impermissible interference with the right to the assistance of counsel. *Id* at 275.

Since *Henry*, however, the Supreme Court has clarified this area of *Sixth Amendment* jurisprudence, finding that a defendant's rights are not violated where a police informant only listens to a defendant's spontaneous and unsolicited statements. *See Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986). Indeed, *Kuhlmann* stated that a defendant must "demonstrate that the police and their informant took some action, beyond

merely listening, that was designed to elicit incriminating remarks." 477 U.S. at 459; *United States v. Stubbs*, 944 F.2d 828, 833 (11th Cir. 1991). This showing is required even where an informant is deliberately placed in close proximity to the defendant and is acting as a government agent. *Stubbs*, 944 F.2d at 833. In *Stubbs*, the Eleventh Circuit affirmed denial of a defendant's claimed *Sixth Amendment* violation because she had presented no evidence that the informant initiated their jail cell conversation. *Id.*

Here, Kale has not provided any facts that would suggest McMillan deliberately elicited incriminating statements from Kale or had been instructed by the Government to do so. Kale merely indicates that the incriminating statements were made after McMillan was first debriefed by the Government and before he met with agents a second time. Without more, the Court will not infer that the timing of Kale's conversation with McMillan and McMillan's cooperation with the Government have led to a violation of Kale's rights as proscribed by *Henry* and *Massiah*. Moreover, a review of the FBI 302 Statement prepared on September 6, 2011, which summarizes McMillan's August 23, 2011 debriefing, confirms that Kale sought out McMillan for assistance in selling firearms. (*See* FBI 302 Statement ("TREMAINE KALE approached [McMillan] inside the Federal Detention Center . . . . KALE . . . wanted MCMILLAN to arrange with someone in the neighborhood to meet with KALE's representative and consummate the transaction.").) Without any evidence in support of his allegations, Kale's Motion to Suppress must be denied.

The Court also denies Kale's request for evidentiary hearing. The decision to

3

grant or deny a request for evidentiary hearing on a motion to suppress is within the Court's discretion. *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000). A defendant has no presumptive or absolute right to insist a district court take testimony on every motion. *See United States v. Lewis*, 40 F.3d 1325, 1332 (1st Cir. 1994). When the moving papers, including affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented," courts should grant the request for evidentiary hearing. *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (citation omitted)**.** An evidentiary hearing is not compelled when a defendant, as Kale does in his Reply, promises to allege in open court what he has failed to allege in his moving papers. *Cooper*, 203 F.3d at 1285. Here, Kale's conjecture and lack of evidence fail to create any issues of fact that would necessitate an evidentiary hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Tremaine Edward Kale's Motion to Suppress (D.E. 801), filed on September 19, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

4